# IN THE COURT OF APPEALS OF IOWA

No. 24-1342
Filed November 13, 2024

**IN THE INTEREST OF L.S. and K.S.,**
**Minor Children,**

**K.J., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, Judge.

        A mother appeals the termination of her parental rights to her two sons. **AFFIRMED**.

        Angela Fritz Reyes of Reyes Law Office, Davenport, for appellant mother.

        Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

        G. Brian Weiler, Davenport, attorney and guardian ad litem for minor children.

        Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Two sons were removed from their mother and father's custody in 2023, two years after they came to the attention of the department of health and human services ("HHS"). Over the course of those two years, the parents failed to utilize substance-use services and continued to engage in domestic violence in front of the boys, many times leading to law enforcement involvement. After many chances, both parents' parental rights were terminated in July 2024.

The mother appeals that termination of parental rights to her two sons under the first two steps of our termination framework.[1] For the first step, the juvenile court terminated the mother's rights under multiple statutory grounds. Yet the mother only challenges one of those grounds on appeal. Because the remaining grounds are unchallenged, we affirm termination under those three grounds. And for the second step, the mother's failure to follow through on substance-use training, the need for permanency in the sons' life, and the positive environment of the sons' foster care home all support that termination is in the best interests of the sons. We thus affirm the juvenile court's decision terminating the mother's parental rights.

## I.    Background Facts and Proceedings

The mother[2] has two sons—an older son born in June 2016 and a younger son born in July 2020. The family most recently came to the attention of the HHS

---

[1] Although there are some scattered mentions of other issues in the mother's petition on appeal, we understand her to only make two substantive challenges: one to the statutory grounds and the other to the children's best interests.

[2] The juvenile court also terminated the father's parental rights in this proceeding. But he does not appeal. So we focus on the mother.

in August 2021 when there were concerns of substance use by both parents and allegations of domestic abuse between the parents in the presence of the sons. There were also reports that the youngest son had ingested a Tide Pod and some amount of Tylenol. And HHS had some earlier contact with the family when the oldest son had tested positive for THC at birth. HHS began offering family services.

In March 2022, the mother and father were both arrested and tested positive for THC. As a part of a safety plan, the sons were cared for by their grandmother for a few days until she said she "was unable to keep caring for them," and they returned to their parents. The mother was again arrested on drug charges in May when she had drugs and drug paraphernalia in the car while driving with the youngest son.

The boys were adjudicated as children in need of assistance in August but initially remained in their parents' custody. About a year later, in July 2023, the children were removed after another domestic violence incident between the parents in the presence of the boys. And the boys were then placed in foster care.

The mother continued to struggle with substance use after the removal. She tested positive for both marijuana and methamphetamine in August. She was recommended for inpatient treatment but did not want to participate because of the demands of her job, the costs, and other responsibilities. Also in August, she was discharged from a substance-use treatment program because of her positive drug tests. At a review hearing in October, the court found that the mother had not progressed in her substance-use treatment. After a March 2024 permanency

hearing, the juvenile court changed the permanency goal from reunification to termination.

And so, in May, the State petitioned to terminate the mother's parental rights. HHS requested the filing based on the "numerous incidents regarding illegal substance use, severe domestic violence involving weapons, and homelessness." It noted that while the mother has followed through with her solution-based casework sessions and has attended most of her supervised visits with the boys, the mother is unable to "effectively parent" or "provide supervision" for the boys at the visits. The mother also reported to HHS that she was struggling to find consistent housing. The guardian ad litem also supported terminating parental rights, stating that this is "as compelling [of] a case for termination of parental rights as maybe anyone [he has] ever seen."

After a hearing in September, the juvenile court terminated the mother's parental rights. In a detailed opinion, the court found that the State proved by clear and convincing evidence that termination of the mother's parental rights to both sons is appropriate under paragraphs "d," "f," "i," and "l" of Iowa Code section 232.116(1) (2024). The court also concluded that termination is in the sons' best interests and denied the mother's request for six more months to work toward reunification. It found the mother had "failed to address many concerns related to the children's safety, stability, and security" and that her "pattern of refusing to address these issues indicates [she is] unlikely to address these issues in the future." The court emphasized that the mother has had a chance to engage in "services to correct the circumstance which led to the adjudication; and the circumstances continue to exist despite the offer or receipt of the services." And it

found that the mother's belief that she would be able to provide for the children in the future was "not supported by the evidence."

The mother now appeals.

## II.     Statutory Grounds for Termination

Terminating parental rights under Iowa Code chapter 232 follows a three-step process.  *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).  First, the State must prove a statutory ground for termination.  *Id.*  Second, the State must show that termination is in the best interests of the children.  *Id.*  And finally, the parent bears the burden to show whether a discretionary exception applies that should preclude termination.  *Id.*  We review a termination decision de novo, giving "respectful consideration" to the juvenile court's fact findings, especially when based on credibility determinations.  *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

The mother first challenges whether the State met its burden to terminate her parental rights under Iowa Code section 232.116(1).  But she only argues that the State failed to establish that her children could not be returned to her custody. And this is only one element of one of the grounds—paragraph "f"—that the juvenile court relied on to terminate her parental rights.  *See* Iowa Code § 232.116(1)(f)(4).  The juvenile court also terminated her parental rights under three other independent grounds—relying on paragraphs "d," "i," and "l".  And termination need only be supported by one statutory ground for us to affirm.  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (holding that the juvenile court's termination order could be affirmed on any one of "six independent grounds for termination" relied on by the juvenile court).

Because the mother fails to make any argument that termination is not proper under paragraphs "d," "i," or "l," she has waived any challenge that each of those statutory grounds for termination exist, and we can affirm based on those grounds without discussing them further. *See In re G.N.*, No. 20-1128, 2020 WL 7022388, at *1 (Iowa Ct. App. Nov. 30, 2020) (affirming based on unchallenged statutory grounds and collecting cases doing the same); *see also In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (reasoning that it did not have to analyze a statutory ground not challenged by the parent on appeal). And since it would not matter whether termination is also supported by the single statutory ground that she challenges on appeal, we do not consider the merits of that argument. *See id.*; *see also In re Est. of White*, No. 23-1009, 2024 WL 3887438, at *3 (Iowa Ct. App. Aug. 21, 2024) ("The appellate court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds." (quoting 5 C.J.S. Appeal & Error § 839 (May 2024 Update))).

### III.    Best Interests of the Children

The mother next challenges the second step—whether it is in the sons' best interests to terminate her parental rights. The best interests of the children are the "paramount concern in a termination proceeding." *L.B.*, 970 N.W.2d at 313. We consider both the sons' long-range and immediate best interests. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). And we must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see also In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016).

The mother argues termination of her rights is not in the best interests of the sons because she "believes that the best interest of the children is to be returned to her, or guardianship to a family member, and that there is no current clear and convincing evidence to refute her position." But on our de novo review, we agree with the juvenile court that termination is in the sons' best interests.

The mother has failed to show how she can support the sons' future and immediate best interests. She has not addressed her substance use. As recently as June 2024, she reported to HHS that she was using methamphetamine daily. She also does not currently have suitable housing for the sons. At the time of the hearing, she was unemployed and living with a new boyfriend who was unknown to HHS. And throughout this case, she repeatedly exposed the boys to violence in the home. While it is commendable that the mother has recently reengaged in outpatient treatment and therapy, this does not negate her long history of not utilizing these services. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (holding that a mother "waited too long to respond, and the underlying problems which adversely affected her ability to effectively parent were too serious to be overcome in the short period of time prior to the termination hearing."). She has not put herself in a position to serve the sons' best interest since they were removed from her custody in 2023.

The boys are doing well in their foster care placement. The oldest son is in therapy now and has an individualized education plan for school. The HHS worker testified that both boys were healthy and doing well. In contrast, the boys act out after visits with the mother. The current foster placement is willing to keep the

boys as long as possible until a home is found for adoption. And the boys need a continued stable environment.

We do not doubt that the mother loves her sons. But it is in their physical, mental, and emotional best interests to terminate her parental rights now. We thus affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**